UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM GRAY,<br><br>        Plaintiff,<br><br>   v.<br><br>Warden TEREMA CARLIN, Deputy Warden of Security GALE MUNDER, Sergeants KRISTI LYNCH, DWAINE HASEROEHRL, BENJAMIN GUNN, SR., DUANE POWERS, CHRIS MANFULL, COLLEEN REED, Corporals JASON LICHTI, and RANDY HARTNETT, and Correctional Officers FRANK OLESEN, KATHY DAVIDSON, JACK FERNANDEZ, and CORRIE REED,<br><br>        Defendants. | Case No. 3:11-cv-00275-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff William Gray, a prisoner in the custody of the Idaho Department of Correction (IDOC), is proceeding pro se and in forma pauperis in this civil rights action. Pending before the Court are the following motions: (1) Defendants' Motion to Dismiss (Dkt. 39), which the Court has stated will be construed as a motion for summary judgment (*see* Dkt. 54); (2) Plaintiff's Motion for Reconsideration (Dkt. 55) of the Court's Memorandum Decision and Order dated May 1, 2013 (Dkt. 54) ("May 1 Order");

**ORDER - 1**

(3) Plaintiff's Motion to Compel Discovery (Dkt. 57); (4) Plaintiff's Motion for Summary Judgment (Dkt. 66); Plaintiff's Motion to Strike (Dkt. 71); and (5) Plaintiff's Motion in Limine (Dkt. 73).

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter this Court will decide this case on the record without oral argument. D. Idaho L. R. 7.1. The Court concludes that the vast majority of the discovery sought by Plaintiff in the Motion to Compel is relevant and will order Defendants to respond to that discovery within 30 days of the date of this Order. The pending dispositive motions will be deemed moot. No further discovery shall be conducted, and the new dispositive motions deadline shall be 90 days after entry of this Order.

All other pending motions will be deemed moot or denied.

## BACKGROUND

At all times relevant to the Complaint, Plaintiff was housed in protective custody at the Idaho State Correctional Institution at Orofino (ICI-O). On April 7, 2011, Plaintiff was given a disciplinary offense report (DOR) for simple battery and placed in restrictive housing for ten days.

Plaintiff filed a Complaint alleging constitutional violation arising from the DOR. (Dkt. 3.) On November 17, 2011, the Court issued its first Initial Review Order under 28 U.S.C. § 1915A and allowed Plaintiff to go forward with certain claims. (Dkt. 8.) The Court then granted Plaintiff's request to amend his Complaint and issued a Second Initial Review Order. (Dkt. 31.) The Court found that Plaintiff had stated the following colorable claims for relief in his First Amended Complaint: (1) unconstitutional retaliatory conduct under the First Amendment based on certain Defendants' pursuit of a disciplinary offense report (DOR), confiscation of Plaintiff's property, and failure to adequately respond to his complaints of unsanitary and dirty cell, all of which were allegedly motivated by a desire to retaliate against Plaintiff because he had previously filed grievances and lawsuits; (2) a substantive due process claim under the Fourteenth Amendment that the DOR was not supported by "some evidence"; (3) a procedural due process claim under the Fourteenth Amendment that the DOR disciplinary punishment, i.e., the unsanitary conditions of his cell, was a significant hardship on Plaintiff and that he had a liberty interest protected under the Due Process Clause; and (4) an Eighth Amendment claim that Plaintiff was subjected to cruel and unusual punishment because he was detained in a segregation cell that was contaminated with fecal matter and insects. (*Id.*)

On May 1, 2013, the Court stated that it would construe Defendants' Motion to Dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56 and gave Plaintiff 90 days to complete discovery and file a response to the Defendants'

**ORDER - 3**

motion. (Dkt. 54.) The Court also denied Plaintiff's pending discovery motions, including a previous motion to compel.

Plaintiff seeks reconsideration of the May 1 Order and filed a timely motion to compel.

## PLAINTIFF'S MOTION FOR RECONSIDERATION

The Court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

Plaintiff has not shown that the Court's May 1 Order was clearly erroneous or that it will work a manifest injustice, and the Court therefore does not find sufficient cause to reconsider that Order. Therefore, the Motion to Reconsider will be denied.

## PLAINTIFF'S MOTION TO COMPEL

**1.** **Standard of Law**

Federal Rule of Civil Procedure 26(b) allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of

**ORDER - 4**

any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.*

"Relevant" is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence" *Id*. Although relevance has a broad meaning, district courts are given broad discretion to apply discovery rules to properly effect the policy of the Federal Rules of Civil Procedure; namely to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

If an answering party fails to adequately respond to discovery requests, the propounding party can move for an order compelling discovery under Federal Rule of Civil Procedure 37(a). Generally, a court should deny a motion to compel only if the information requested falls outside the scope of discovery. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992); *cert. denied,* 508 U.S. 908 (1993). In other words, a motion to compel "should be granted if the questions are relevant and proper . . . ." Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2286 (1994).

**2.     Discussion**

Plaintiff asks the Court to compel Defendants to respond to the following discovery requests:

    1.     Plaintiff's Request for Interrogatories from Warden Terema Carlin;

**ORDER - 5**

2. Plaintiff's Request for Interrogatories from Deputy Warden of Security Gale Munder;

3. Plaintiff's Request for Interrogatories from Grievance Coordinator Colleen Reed;

4. Plaintiff's Request for Interrogatories from Maintenance Officer Chris Manfull;

5. Plaintiff's Request for Interrogatories from Sergeant Dwaine Haseroehrl;

6. Plaintiff's Request for Interrogatories from Sergeant Benjamin Gunn;

7. Plaintiff's Request for Interrogatories from Sergeant Kristi Lynch;

8. Plaintiff's Request for Interrogatories from Corporal Jason Lichti;

9. Plaintiff's Request for Interrogatories from Corporal Randy Hartnett;

10. Plaintiff's Request for Interrogatories from Correctional Officer Frank Olesen;

11. Plaintiff's Request for Interrogatories from Correctional Officer Jack Fernandez;

12. Plaintiff's Request for Interrogatories from Correctional Officer Kathy Davidson;

13. Plaintiff's Request for Interrogatories from Correctional Officer Corrie Reed;

14. Plaintiff's Request for Interrogatories from Duane Powers; and

15. Plaintiff's Request for Production of Documents.

(*See* Ex. B to Pl. Mot. to Compel., Dkt. 57-3, 57-4.)

Defendants received these requests in May 2013. To date they have responded to none of them, arguing that Defendants have tried to "get [Plaintiff] to moderate his discovery." Defendants' counsel states that Plaintiff has submitted a total of 273 interrogatories, 396 requests for admission, and 32 requests for production. (Loomis Aff., Dkt. 59-1, at ¶ 2.) The Court notes that Plaintiff only seeks to compel responses to those 15 sets of discovery identified above and attached to his Motion to Compel. Thus, Defendants' recitation of the total requests submitted by Plaintiff is irrelevant, other than to show that Plaintiff has requested a large amount of discovery.

The Court does not accept as an excuse Defendants' explanation that they failed to answer a *single* discovery request because of the "sheer volume" of those requests. (Memo. in Opp. to Mot. to Compel, Dkt. 59, at 2.) Plaintiff has stayed within the 25-interrogatory limit for each Defendant, *see* Fed. R. Civ. P. 33(a)(1), and it should be no surprise that a case with a large number of Defendants would require a large amount of discovery.

Defendants' argument that they did not answer Plaintiff's requests because "almost all [of the requests] would be objectionable on numerous grounds" is also not well-taken. (Memo. in Opp. to Mot. to Compel at 2.) That discovery requests might be subject to legitimate objections does not excuse the receiving party from actually responding and putting forth those objections. Further, Defendant's objection that the requests are "poorly phrased" is not a legitimate objection. (*Id.*) Defendants should construe the discovery

ORDER - 7

requests within the broad scope of discovery, and in the context of the specific claims at issue, and then respond to the discovery request to the extent it is understandable.

The Court concludes that the majority of Plaintiff's requests are relevant to his claims and are therefore discoverable. For example, Plaintiff seeks "[a]ny and all plumbing standards that could or did apply to plumbing practices within the ICI-O in April 2011." (Dkt. 57-4 at 46.)[1] Given that Plaintiff claims of having to live in a cell contaminated with human feces, this request is certainly relevant to the extent that prior administrators promulgated, were aware of, or followed such plumbing standards. As another example, Plaintiff's questions as to the reason behind his confinement in segregation are obviously relevant to his due process claims based on that confinement. (Dkt. 57-3 at 43.)

Put simply, Defendants have not adequately justified their failure to answer a single one of the discovery requests at issue, and the Court finds that the information sought in those requests is, for the most part, "relevant and proper." Wright & Miller, Fed. Prac. & Proc. § 2286. Defendants have also not identified any specific objections to any request. For these reasons, Plaintiff's Motion to Compel will be granted in large part.

3.     **Limitations on Discovery**

The Court does note that some of Plaintiff's requests are overly broad, and it will not require Defendants to answer interrogatories or to produce documents seeking clearly

---

[1] For convenience, the Court refers to the electronically assigned page numbers generated by the CM/ECF system.

ORDER - 8

irrelevant information or information outside a reasonable period of time. For example, Plaintiff seeks "[a]ny complaints, formal or informal, filed in the ICI-O from 2009-2012 cover[ing] inadequacies in cleaning supplies." Though this request is properly limited as to complaints regarding cleaning supplies, the time frame identified by Plaintiff is much too broad. Documents produced in response to such a request may be appropriately limited to those documents applicable up to one year before the incident giving rise to Plaintiff's claims.

As another example, Plaintiff frequently asks Defendants whether they have been investigated for misconduct. These requests are much too broad, and responses thereto may be limited to situations regarding Plaintiff's specific claims. For example, if a Defendant had been investigated for his or her conduct in relation to another inmate's complaint about a filthy cell within one year before Plaintiff's incident, then that investigation would be relevant. However, any disciplinary actions or investigations against Defendants that do not relate to any of Plaintiff's current claims are not relevant and are subject to an appropriate objection on that basis.

## CONCLUSION

The examples given by the Court above regarding appropriate limitations on Plaintiff's discovery requests are just that, examples. Defendants shall use their judgment in determining whether a particular request falls within the Court's limitations or must be answered in its entirety, but that judgment should be exercised carefully.

**ORDER - 9**

Defendants need not answer any discovery that Plaintiff has not attached to his Motion to Compel, and Defendants may properly limit their responses in accordance with this Order. Objections based on anything other than privilege or scope of the request (as to time or relevance to Plaintiff's specific claims) shall be accompanied by the actual response. Thus, Defendants may preserve their objections without further delaying this case. Defendants may respond to an overly broad request with information or documents that are relevant to Plaintiffs' claims and limited to one year before Plaintiff's claims arose, and Defendants may object to the extent the request seeks information not allowed by this Order.

The parties are reminded that discovery abuses may result in sanctions, up to and including dismissal or default judgment.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Discovery (Dkt. 57) is **GRANTED IN PART** to the extent set forth in this Order. Defendants shall respond to all of the discovery attached to Plaintiff's Motion to Compel within 30 days after entry of this Order.

2. Any response to an interrogatory or request for production of documents may be limited to events occurring within one year prior to the incident giving rise to Plaintiff's claims.

3. Any response to an interrogatory or request for production of documents that is open-ended as to its scope, such as an interrogatory requesting information on previous misconduct complaints or investigations, may be limited to events relevant to the claims at issue in this case.

4. Defendants may limit their responses as allowed by this Order by including objections to requests *outside the scope of the claims* at issue in this case or *outside the one-year period*. Defendants may preserve objections other than those based on privilege or specific relevance as to claims or time period, but the requested information must be disclosed along with the objection.

5. Defendants' Motion to Dismiss (Dkt. 39) and Plaintiff's Motion for Summary Judgment (Dkt. 66) are **MOOT**. All dispositive motions shall now be due within 90 days after entry of this Order. Any motions for extension of time to file dispositive motions must be made in advance of the deadline.

6. Plaintiff's Motion for Reconsideration (Dkt. 55) is **GRANTED**.

7. Plaintiff's Motion to Strike the affidavit of Terema Carlin submitted in opposition to Plaintiff's Motion for Summary Judgment (Dkt. 71) is **MOOT**.

8. Plaintiff's Motion in Limine (Dkt. 73) is **DENIED** as premature.

DATED: **January 21, 2014**



Honorable Edward J. Lodge
U. S. District Judge